UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL ANTHONY CONWAY, SR.,

        Petitioner,

v.

                                      Civil Action No. 2:19-cv-306

HAROLD W. CLARKE, Director,
Virginia Department of Corrections

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner Michael Anthony Conway, Sr., (Conway) is currently serving a five-year sentence at the Virginia Department of Corrections following an October 2016 conviction of malicious wounding by mob. Having exhausted all state remedies, Conway, proceeding pro se, now petitions for a writ of habeas corpus under 28 U.S.C. § 2254, (ECF No. 1). In his petition, Conway argues that the evidence presented at his trial was legally insufficient to convict him on the charged count. Respondent Harold W. Clarke, Director of the Virginia Department of Corrections, (Respondent) moves to dismiss the petition, (ECF No. 9), arguing that § 2254(d) precludes habeas relief.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motion to the undersigned for a report and recommendation. As explained in greater detail below, the undersigned concludes that Conway does not plausibly allege entitlement to relief under § 2254 and thus recommends that the court grant Respondent's Motion to Dismiss.

## I. <u>Statement of the Case</u>

On October 5, 2016, a Stafford County Circuit Court jury convicted Conway of malicious wounding by mob, in violation of Va. Code § 18.2-41. Conway petitioned the Virginia Court of Appeals for an appeal, claiming that the trial court erred in finding that the Commonwealth had produced sufficient evidence to support a conviction of the charged offense. On September 22, 2017, the Virginia Court of Appeals issued a per curiam opinion denying Conway's petition for appeal. <u>Conway v. Commonwealth</u>, No. 0370-17-4 (Va. Ct. App. Sept. 22, 2017). The Virginia Supreme Court refused Conway's appeal on May 31, 2018. <u>Conway v. Commonwealth</u>, No. 171308 (Va. May 31, 2018).

Conway filed the present petition on May 28, 2019. Conway raises two grounds, both of which appear to deal with the same insufficiency of the evidence argument that he raised on direct appeal. For the first ground, Conway states the following:

> The trial court erred by ruling that the Commonwealth produced sufficient evidence to support a finding that Appellant acted with the intent to maim, disfigure, disable or kill when the injury was delivered by a single blow with an empty fist (not by Conway[,] Sr.) that required no medical attention[,] and the court of appeals erred by affirming the trial court. (Perserved [sic] at motion to strike and closing argument (Tr. 173-180; 186-187; 202-213; 10-5-16) and appeal denied 9-22-17[.]

Pet. 6 (ECF No. 1, at 5). With respect to the second ground, Conway states the following:

> Mr. Conway, Sr. never punched the victim. Even the victim[,] Mr. Pilkerton[,] said this in his testimony. See the following witness statements on Trial Report. 1) Jemaine [sic] Morris (TR 157-171)[;] 2) Thomas Byrne (TR 143-153)[;] 3) A. Lopez Otero (TR 128-141)[;] 4) the victim Lawrence Pilkerton (TR 87-126)[;] 5) Police Deputy Stamm (TR pg[.] 70-85)[.]

Pet. 8 (ECF No. 1, at 7).

Respondent filed a Rule 5 Answer and Motion to Dismiss along with the notice to pro se plaintiffs required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 9-12). Respondent argues that the court should dismiss Conway's Petition because, under 28 U.S.C.

§ 2254(d), the court of appeal's denial of Conway's direct appeal "was not contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of facts." Resp't's Br. Supp. Mot. Dismiss (Resp't's Br.) 3-10 (ECF No. 11). The matter is now ripe for decision.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a federal court may not grant habeas relief for claims previously adjudicated on the merits in state court unless that adjudication was (1), or an unreasonable application of, clearly established federal law;[1] or (2) based on an unreasonable determination of the facts given the evidence.[2] § 2254(d). In circumscribing federal courts' jurisdiction in this respect, Congress "plainly sought to ensure a level of deference to the determinations of state courts." Williams, 529 U.S. at 386 (internal quotation marks and citation omitted). Consequently, in determining whether to issue a writ in such circumstances, the question "is not whether a federal court believes the state

---

[1] A state court decision is "contrary to" clearly established federal law when the state court (1) applies a rule "that contradicts the governing law set forth" by controlling Supreme Court precedent, Williams v. Taylor, 529 U.S. 362, 405 (2000); or (2) is confronted with a set of facts "materially indistinguishable" from a Supreme Court decision but decides the case differently, id. at 406. A state court decision reflects an "unreasonable application of" clearly established federal law when the state court "correctly identifies the governing legal principle but applies it unreasonably to the facts of the particular prisoner's case." Id. at 407-08.

[2] In addition, state prisoners "must exhaust their state remedies before filing a habeas petition in federal court." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). This requirement "giv[es] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010). In this case, Respondent concedes that Conway has exhausted all state remedies. Resp't's Br. 2-3.

3

court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); see also Harrington v. Richter, 562 U.S. 86, 103 (2011) ("[T]he state court's ruling on the claim being presented in federal court [must be] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

In assessing a state prisoner's habeas claims, the court must look to "the last reasoned decision of a state court addressing the claim." Woodfolk v. Maynard, 857 F.3d 531, 544 (4th Cir. 2017) (internal quotation marks and citation omitted). Moreover, any factual findings made by the state court are presumptively correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

### III. Recommended Conclusions of Law

An essential element of the right to due process secured by the Fourteenth Amendment is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. The

reviewing court must consider circumstantial as well as direct evidence and give the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the Supreme Court has expressly recognized, it is wholly the responsibility of the factfinder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted).

Here, the Court of Appeals of Virginia conducted a full review of Conway's claim and concluded that there was sufficient evidence to convict him. Thus, Conway is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not. Based on the evidence presented at trial, and as discussed by the Virginia Court of Appeals, there was adequate evidence for a rational trier of fact to establish the challenged elements of Conway's offense.

In evaluating whether sufficient evidence supported the jury's guilty verdict, the Virginia Court of Appeals, based on a review of the trial record, summarized the facts as follows:

> [O]n October 24, 2015, Lawrence Pilkerton was outside his workplace when appellant's son approached him. Pilkerton testified that the young man was "acting odd" and not "normal." Pilkerton went into his workplace, and late came out again. Appellant's son got in Pilkerton's way and blocked him from re-entering the shop. Pilkerton brushed him aside. Appellant's son punched Pilkerton in the nose.

>Pilkerton backhanded appellant's son, who fell to the ground. Pilkerton grabbed his hair and held him down. Pilkerton hit appellant's son a "couple times" in the ribs, and then told him to go home and leave him alone. Appellant's son left.
>
>Pilkerton went back to work. A short while later, Pilkerton noticed four people, including appellant and his son, coming towards his shop. Appellant yelled at Pilkerton for hitting his son. The four men surrounded Pilkerton. Appellant's son then hit Pilkerton in the face, causing Pilkerton to stumble. Appellant grabbed Pilkerton and pushed him to the ground. As he fell to the ground, Pilkerton hit a car jack and cut his arm. Pilkerton noticed that he was bleeding and struggled to get loose. He felt someone kicking him in the ribs, and he was punched in the back. Pilkerton yelled for help. When Pilkerton was able to break free, he arose and grabbed a two-by-four. The four men, including appellant, left. As a result of the incident, Pilkerton suffered a swollen nose and a blackened eye. His injuries lasted "a couple weeks at least."
>
>Jermaine Morris, Abdiel Lopez, and Thomas Byrne attempted to stop the attack on Pilkerton. As Morris tried to intervene, one of the four men "pulled a knife" and told him to "stay out of it." Morris was able to "slip[] past him." Morris went to his truck and retrieved his gun. Someone said that Morris had a gun, and appellant, his son, and the other two men left.
>
>At trial, the Commonwealth offered into evidence photographs of Pilkerton and his injuries.
>
>At the conclusion of the evidence, appellant made a motion to strike, which the trial court denied. Appellant did not offer any evidence. He renewed his motion to strike, which the trial court denied. The jury found appellant guilty of malicious wounding by mob.

Conway v. Commonwealth, No. 0370-17-4, at 1-2 (second alternation in original) (internal citations omitted).

Section 18.2-41 of the Virginia Code provides, "Any and every person composing a mob which shall maliciously or unlawfully shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disable, disfigure or kill him, shall be guilty of a Class 3 felony." Va. Code § 18.2-41. On direct appeal, and in this petition, Conway's primary argument was that the evidence was insufficient to establish that he acted with the requisite intent under the

6

statute as "the injury was delivered by a single blow with an empty fist (not by Conway[,] Sr.) that required no medical attention." Pet. 6 (ECF No. 1, at 5).

As recognized the court of appeals, in Virginia, an intent to maim generally cannot be presumed from a blow with a bare fist. Burkeen v. Commonwealth, 749 S.E.2d 172, 175 (Va. 2013). However, "an assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to kill may be presumed." Id.; see also Johnson v. Commonwealth, 669 S.E.2d 368, 380 (Va. 2008) ("Although we have not previously held in a reported opinion that a single blow with a fist may constitute sufficient evidence to prove an intent to permanently injure, we hold that under the circumstances of this case the jury could make such a determination."). Furthermore, as the court of appeals explained, it is not necessary that the defendant be the perpetrator to be punished as such if the evidence proves that he shared the same criminal intent: "[W]hen the alleged accomplice is actually present and performs overt acts of assistance or encouragement, he has communicated to the perpetrator his willingness to have the crime proceed and has demonstrated that he shares the criminal intent of the perpetrator." Johnson v. Commonwealth, 709 S.E.2d 175, 319 (Va. 2011) (quoting Rollston v. Commonwealth, 399 S.E.2d 823, 825 (1991)).

Here, there was ample evidence from which a rational trier of fact could have found all the elements of malicious wounding by mob. According to the trial testimony, which the court of appeals correctly summarized, four men approached Pilkerton after a physical altercation between Pilkerton and Conway's sons. Trial Tr. 91-102, 132-36, 158-62, Oct. 5, 2016. Conway yelled at Pilkerton for hitting his son, and then Conway's son hit Pilkerton in the face with his fist, gashing Pilkerton's nose. Trial Tr. 102, 104, 106, 162. Conway shoved Pilkerton to ground, causing Pilkerton to cut his arm on a nearby car jack. Trial Tr. 77, 104-06, 162. Conway held Pilkerton

7

to the ground, during which time Pilkerton felt someone punch him in the back and kick him in the ribs a few times. Trial Tr. 104-106, 135-36, 162-63. Pilkerton sustained lacerations on his arm and nose, which is documented in photographs taken by law enforcement, as well as swollen, blackened eyes that did not heal until after a "couple weeks at least." Trial Tr. 76-79, 111-12, 136-37, 145-46, 148, 166-67.

The Court of Appeals of Virginia, viewing this evidence in the light most favorable to the Commonwealth, held that there was sufficient evidence to sustain Conway's conviction. After review of the evidence before the jury, the undersigned concludes that the court of appeal's denial of Conway's appeal was neither contrary to, or an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts. Accordingly, Conway is not entitled to federal habeas relief.

## IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that Conway has not overcome the highly deferential standard of review under 28 U.S.C. § 2254(d) and thus is not entitled to federal habeas relief. Accordingly, the undersigned recommends that the court GRANT Respondent's Motion, (ECF No. 9), and DISMISS with prejudice Conway's Petition, (ECF No. 1).

## V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits

an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ *[signature]*
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 20, 2019

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Michael Anthony Conway, Sr.**
No. 9800250/1134492
Coffeewood Correctional Center
P.O. Box 500
Mitchells, Virginia 22729


and an electronic copy was provided to:

**Leah A. Darron**
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219



Fernando Galindo, Clerk


By _____
       Deputy Clerk


_____Deceember 20_____, 2019